## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAHER ALBARQAWI, | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| | : | No. |
| v. | : | |
| | : | |
| 7-ELEVEN, INC. | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF REMOVAL

Please take notice that defendant 7-Eleven, Inc. ("7-Eleven"), by its undersigned counsel, hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is docketed as July Term 2011 Case No. 2478, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§1332, 1441 and 1446. In support thereof, defendant avers as follows:

1. Plaintiff, Baher Albarqawi, commenced this present action by filing a Praecipe to Issue a Writ of Summons in the Court of Common Pleas of Philadelphia County on or about July 26, 2011, under the caption *Baher Albarqawi v. 7-Eleven, Inc, July Term 2011, No. 02478.*

2. Defendant, 7-Eleven, Inc. received a copy of plaintiff's original complaint via electronic notice on May 31, 2012 in connection with this Court's electronic filing system.

3. The date of filing this notice is within 30 days after defendant's receipt of the initial pleading setting forth plaintiff's claims for relief, as required by 28 U.S.C. §1446(b).

4640508

4.     This action is removable to federal court, because it is a civil action between citizens of different states, for the defendant is not a citizen of Pennsylvania, and the amount in controversy exceeds $75,000.  28 U.S.C. §§1332(a) and 1441(a):

      (a)    Plaintiff is a citizen of New Jersey, residing at 1920 Frontage Road, Apt. 707, Cherry Hill, New Jersey 08034. This cause of action arose in connection with 7-Eleven franchise store number 20980 located at 1337 S. 58th Street, Philadelphia, PA 19143. *See* Plaintiff's Complaint at ¶¶ 1; 4. A true and correct copy of the Complaint is attached in Exhibit "A."

      (b)    Defendant, 7-Eleven, is a Texas corporation, duly authorized to do business within the Commonwealth of Pennsylvania. It is a citizen of the State of Texas.

      (c)    The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as Plaintiff claims he is entitled to reimbursement of a franchise fee of an estimated $90,000.00 as well as the goodwill for which he paid $30,000.00. *See id.* at  ¶¶ 9; 28; 34; 40; 44.  Complete diversity has existed between the plaintiff and the defendant at all times on and from the date the complaint was filed in state court to and including the date of removal to federal court.

5.     This case is removable to the United States District Court for the Eastern District of Pennsylvania, because the Eastern District embraces the Court of Common Pleas of Philadelphia County.

6.     Defendant has previously commenced a collection action against plaintiff in federal court, in the Eastern District of Pennsylvania, in connection with the same 7-Eleven franchise store at issue here. The federal court case is docketed at *7-Eleven, Inc. v. Baher Albarqawi,* 2:12-CV-00207-GP. This action would be a compulsory counterclaim to the 7-Eleven claim already pending in federal court

7.     Pursuant to 28 U.S.C. §1446(a), copies of all processes, pleadings, and orders served upon defendant, 7-Eleven, Inc. are attached as Exhibit "A."

8.     Defendant will promptly file a copy this notice in the Court of Common Pleas of Philadelphia County in compliance with 28 U.S.C. § 1446(d)

WHEREFORE, Defendant 7-Eleevn, Inc. requests that this case be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

J. KURT STRAUB, ESQUIRE  (I.D. No. 27222)
RYAN L. LEONARD, ESQUIRE (I.D. No. 87193)
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103
(Phone) 215-665-3000

Susan V. Metcalfe, Esquire
Lebensfeld Borker Sussman & Sharon LLP
131 Centerville Road, Suite A-1
Lancaster, PA 17603
717.230.1902

Attorneys for Defendant
7-Eleven, Inc.

Dated: June 20, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served on the following counsel via facsimile and first class mail, postage prepaid, on the date indicated below:

David F. McComb, Esquire
Zarwin Baum DeVito Kaplan Schafer & Toddy P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103

Attorneys for Plaintiff Baher Albarqawi

_____
Ryan Leonard

Date:   June 20, 2012

OBERMAYER, REBMANN, MAXWELL & HIPPEL LLP
By:     J. Kurt Straub, Esquire (I.D. No. 27222)     Attorneys for Defendant,
        Ryan L. Leonard, Esquire (I.D. No.87193)     7-Eleven, Inc. Corporation
Attorney I.D. No.  27722/88246
One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103
(215) 665-3000

| | |
|---|---|
| BAHER ALBARQAWI,<br><br>       *Plaintiff,*<br><br> *v.*<br><br>7-ELEVEN, INC.,<br><br>       *Defendant.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JULY TERM 2011<br><br>NO.  02478 |

## PRAECIPE TO FILE NOTICE OF REMOVAL TO FEDERAL COURT

To:     Office of the Prothonotary
        Court of Common Pleas of Philadelphia County
        City Hall Room 284
        Philadelphia, PA 19107

PLEASE TAKE NOTICE that on June 4, 2012, defendant 7-Eleven, Inc. removed this

action to the United States District Court for the Eastern District of Pennsylvania.  Attached

hereto is a true and correct copy of defendant's Notice of Removal.

Pursuant to 28 U.S.C. §1446(d), the Court of Common Pleas should proceed no further in

this matter unless and until the case is remanded.

J. KURT STRAUB, ESQUIRE  (I.D. No. 27222)
RYAN L. LEONARD, ESQUIRE (I.D. No. 87193)
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103
(Phone) 215-665-3000

4640508

Susan V. Metcalfe, Esquire
Lebensfeld Borker Sussman & Sharon LLP
131 Centerville Road, Suite A-1
Lancaster, PA 17603
717.230.1902

Attorneys for Defendant
7-Eleven, Inc.

Dated: June 20, 2012

4640508

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served on the following counsel via facsimile and first class mail, postage prepaid, on the date indicated below:

David F. McComb, Esquire
Zarwin Baum DeVito Kaplan Schafer & Toddy P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103

Attorneys for Plaintiff Baher Albarqawi

Ryan Leonard

Date:   June 20, 2012

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **JULY 2011** |
| E-Filing Number: 1107035194 |

002478

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| BAHER ALBARQAWI | 7-ELEVEN, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 35 JACQUELIN PLACE<br>SEWELL NJ 08080 | 2711 EASTON ROAD<br>WILLOW GROVE PA 19090 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 1 | ☐ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☒ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| --- | --- | --- | --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

10 - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>JUL 26 2011<br><br>J. MURPHY | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
| --- | --- | --- |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: BAHER ALBARQAWI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| DAVID F. MCCOMB | 1818 MARKET STREET<br>13TH FLOOR<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| (215)569-2800 | (215)569-1606 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 35754 | dfmccomb@zarwin.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| DAVID MCCOMB | Tuesday, July 26, 2011, 09:28 am |

FINAL COPY (Approved by the Prothonotary Clerk)

C.P.97

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

BAHER ALBARQAWI
35 Jacquelin Place
Sewell, New Jersey 08080

COURT OF COMMON PLEAS

July _____  Term, 20 11

No. _____

*vs.*

7-ELEVEN, INC.
2711 Easton Road
Willow Grove, Pa 19090-1013

To(1)

7-ELEVEN, INC.
2711 Easton Road
Willow Grove, Pa 19090-1013

You are notified that the Plaintiff(2)
*Usted esta avisado que el demandante*(2)

BAHER ALBARQAWI
c/o David F. McComb, Esquire
Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103      (T): 215-569-2800

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*





JOSEPH H. EVERS
*Prothonotary*

By _____

Date  July 26, 2011

(1) Name(s) of Defendant(s)
(2) Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

ZARWIN ◆ BAUM ◆ DeVITO
KAPLAN ◆ SCHAER ◆ TODDY ◆ P.C.
By:     David F. McComb, Esquire
Identification No.: 35754
1818 Market Street, 13th Floor
Philadelphia, PA  19103
Telephone:  215-569-2800
FAX:  215-569-1606

| | |
|---|---|
| **BAHER ALBARQAWI**<br>35 Jacquelin Place<br>Sewell, New Jersey 08080<br><br>v.<br><br>**7-ELEVEN, INC.**<br>2711 Easton Road<br>Willow Grove, Pa 19090-1013 | *COURT OF COMMON PLEAS*<br><br>*PHILADELPHIA COUNTY*<br><br>*JULY TERM 2011*<br><br>*NO:* |

### *PRAECIPE TO ISSUE WRIT OF SUMMONS*

TO THE PROTHONOTARY:

    Kindly issue a Writ of Summons in the above captioned matter.

                    ZARWIN, BAUM, DeVITO, KAPLAN,
                    SCHAER & TODDY, P.C.

                By:                          
                    DAVID F. MCCOMB, ESQUIRE

Dated:  7/26/11

Case ID: 110702478

**ZARWIN BAUM DeVITO KAPLAN**
  **SCHAER & TODDY, P.C.**
DAVID F. MCCOMB, ESQUIRE
MATTHEW A. GOLDSTEIN, ESQUIRE
Attorney I.D. Nos. 35374/309364
1818 Market Street, 13th Floor
Philadelphia, PA  19103
215-569-2800
dfmccomb@zarwin.com
mgoldstein@zarwin.com

*Filed and Attested by
PROTHONOTARY
31-MAY-2012 03:08 pm
E. HAISS*

| |
|---|
| BAHER ALBARQAWI<br>1920 Frontage Road, Apt. 707<br>Cherry Hill, New Jersey 08034<br>                              Plaintiff,<br><br>*vs.*<br><br>7-ELEVEN, INC.<br>2711 Easton Road<br>Willow Grove, Pennsylvania  19090<br>                              Defendant. |

*COURT OF COMMON PLEAS*

*PHILADELPHIA COUNTY*

*JULY TERM 2011*

*NO: 02478*

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avusadi qye su usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notification. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantespara usted. |
| **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.** | **LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.** |
| *PHILADELPHIA BAR ASSOCIATION*<br>*LAWYER REFERRAL and INFORMATION SERVICE*<br> *One Reading Center*<br> *Philadelphia, PA 19107*<br> *(215) 238-1701* | *ASSOCIACION DE LICENDIADOS DE FILADELFIA*<br>*SERVICIO DE FEFENCIA E INFORMACION LEGAL*<br>*One Reading Center*<br>*Filadelfia, Pennsylvania 19107*<br>*Telefono: (215) 238-1701* |

27669 – Complaint

Case ID: 110702478

## COMPLAINT[1]

Plaintiff, Baher Albarqawi ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against defendant, 7-Eleven, Inc. ("Defendant"), and in support thereof, avers the following:

### PARTIES

1.    Plaintiff is an adult individual residing at 1920 Frontage Road, Apt. 707, Cherry Hill, New Jersey 08034.

2.    Defendant is a Texas corporation, duly authorized to do business within the Commonwealth of Pennsylvania.  Defendant maintains a place of business in Pennsylvania at 2711 Easton Road, Willow Grove, Pennsylvania 19090.

### JURISDICTION AND VENUE

3.    This court has jurisdiction over the subject matter of this case and the parties hereto pursuant to 42 Pa.C.S. § 5301, as the cause of action arose in Pennsylvania.

4.    Philadelphia County is the proper venue for this case, pursuant to Pennsylvania Rule of Civil Procedure 2179, as Philadelphia is the county in which the cause of action arose and in which the 7-Eleven store that is the subject of this action is located.

---

[1] Plaintiff initiated this case by Writ of Summons dated July 26, 2011.  A true and correct copy of the Writ of Summons is attached hereto as Exhibit "A."  By this Court's Order dated November 29, 2011 ("Order"), Plaintiff was "granted leave to seek discovery of defendant and defendant's files, including email communications among its employees, relating to defendant's franchise agreement with plaintiff, including documents relating to the granting and termination of the 7-Eleven franchise and the 7-Eleven store located at [1337 S. 58th Street, Philadelphia, Pennsylvania 19143]."  A true and correct copy of the Order is attached hereto as Exhibit "B."  On or about March 16, 2012, Plaintiff filed a Motion to Secure Compliance with the Court Discovery Order alleging that Defendant failed to produce all documents in its possession subject to the Order.  By Consent Order between the parties dated April 3, 2012, Plaintiff was granted until May 22, 2012 to file a complaint.  A true and correct copy of the April 3, 2012 Consent Order is attached hereto as Exhibit "C."  This deadline was extended by agreement of the parties granting Plaintiff until June 1, 2012 to file a complaint.  A true and correct copy of the extension is attached hereto as Exhibit "D."  To date, Plaintiff has not received any additional documents from Defendant subject to the Order. By filing this complaint, Plaintiff reserves the right to file subsequent motions to secure Defendant's compliance with the Order.

Case ID: 110702478

**BACKGROUND**

5.    In or about January 2008, Plaintiff first sought to become a franchisee for Defendant. Plaintiff submitted a franchise application to Defendant that was rejected and Defendant informed Plaintiff that he would have to wait one (1) year until reapplying to become a franchisee.

6.    On or about June 12, 2008, only a few months after having rejected his initial application, John Steczynski, a 7-Eleven Franchise Sales Manager, contacted Plaintiff and advised him that, notwithstanding the rejection of his franchise application, a franchise opportunity had just become available that Plaintiff might be interested in.  The franchise store (#20980) was located in Southwest Philadelphia at 1337 S. 58th Street, Philadelphia, Pennsylvania 19143 ("Store").

7.    Plaintiff and his wife, Ohaila, visited the location and the Store. They were not familiar with the Store and had concerns about its condition and safety.  Both Plaintiff and his wife asked representatives of Defendant about the Store and the neighborhood and were told that both were safe and that there wasn't a problem with crime.

8.    Plaintiff followed up with Defendant and submitted his franchise application, which, not surprisingly, was approved by Defendant.  Thereafter, on or about August 22, 2008, Plaintiff signed a franchise agreement ("Franchise Agreement") for the Store.  A true and correct copy of the Franchise Agreement is attached hereto as Exhibit "E."

9.    Plaintiff and his wife borrowed money from relatives to pay Defendant a franchise fee of an estimated $90,000.00, and the goodwill of $30,000.00.

10.    On the very first day in the store as the new franchisee, Plaintiff received a call at 2:00 a.m. from the police that the store was open but no employees were inside.  Plaintiff then

Case ID: 110702478

learned that $50,000.00 worth of money orders had been stolen by employees of the former franchisee of the Store. Two days after that, Plaintiff was robbed at gunpoint in the Store.

11.     A day or two later, a City of Philadelphia Police Officer was in the store and asked Plaintiff why he had obtained the franchise. The police officer stated that the store had been robbed repeatedly, that the police were in there constantly, and the former franchisee, who had recently died, had to keep a baseball bat under the counter which he pulled out and used to chase away would-be robbers and shoplifters.

12.     One week after Plaintiff took over the store, he learned from other franchise owners in the area that Defendant had offered them the store without the payment of any franchise fee.

13.     It also further appears, on information and belief, that the store had been on the market by Defendant for a lengthy period of time and no one was willing to agree to operate the store -- let alone pay Defendant a franchise fee and other sums of money to do so.

14.     Plaintiff and his wife worked very hard day and night to make the store profitable but found it extremely difficult to do so. There was turnover in employees and shoplifting took place on virtually a daily basis.

15.     On or about February 18, 2011, Plaintiff had a disagreement with one of his employees over wages. The employee retained counsel, who then wrote to Defendant's management about the dispute, and added that Plaintiff had harassed him and engaged in other misconduct and that Defendant's management was made aware of the issue but had failed to take any effort to supervise the franchisee.

16.     After the letter was sent, Plaintiff was then subjected to repeated audits and unannounced visits by Defendant's managers.

Case ID: 110702478

17.    Finally, on April 18, 2011, Plaintiff's franchise agreement was terminated -- without an opportunity to cure -- because Defendant alleged Plaintiff failed to meet Defendant's minimum net worth requirement and because of an alleged lack of "cleanliness" in the store.  A true and correct copy of the April 18, 2011 Notice of Termination letter is attached hereto as Exhibit "F."  Neither of these allegations were true.

18.    As a result of the termination by Defendant, Plaintiff lost his franchise and other fees and the possibility of selling the store to another franchisee.

19.    As a result of Defendant's actions, Plaintiff and his family have suffered financially, were unable to make their mortgage payments on their house, and have lost virtually their entire life savings.

**COUNT I**
**RESCISSION**

20.    Plaintiff incorporates the allegations set forth in paragraphs one (1) through nineteen (19) as though they were fully set forth herein.

21.    As set forth above, Plaintiff's entering into the Franchise Agreement for the Store was induced by Defendant's fraud and negligent misrepresentations.

22.    By virtue of the conduct of Defendant, Plaintiff has been deprived of the benefit of his bargain and was wrongfully induced to enter into the Franchise Agreement for the Store, at great expense, for a property riddled by crime, which Plaintiff would not have otherwise entered into.

23.    Recession of the Franchise Agreement is warranted as the parties can be returned to their original positions in that Plaintiff will not have to pay for what he did not bargain for and Defendant will not receive payment for its mistake.

Case ID: 110702478

WHEREFORE, Plaintiff requests that the Franchise Agreement entered into between Plaintiff and Defendant for the Store be voided and rescinded and that the Court order any other equitable relief that the Court deems just and proper.

**COUNT II**
**NEGLIGENT MISREPRESENTATION**

24.     Plaintiff incorporates the allegations set forth in paragraphs one (1) through twenty-three (23) as though they were fully set forth herein.

25.     Defendant negligently misrepresented to Plaintiff and his wife that the Store was safe and that there wasn't a problem with crime.

26.     Such misrepresentations were made by Defendant without exercising reasonable care as to their truth or falsity and in order to induce Plaintiff to enter into the Franchise Agreement, knowing that the Store had been robbed repeatedly, that the police were in there constantly, and the former franchisee, who had recently died, had to keep a baseball bat under the counter which he pulled out and used to chase away would-be robbers and shoplifters.

27.     Prior to executing the Franchise Agreement, Plaintiff reasonably relied upon the negligent misrepresentations of Defendant and did not know of the true nature of crime issues at the Store and the surrounding neighborhood.

28.     As a direct and proximate result of Defendant's negligent misrepresentations, as set forth more fully above, Plaintiff has suffered and continues to suffer substantial losses and damages outlined above.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant in an amount in excess of fifty-thousand dollars ($50,000.00) plus interest, costs attorneys' fees and such further relief as this Court may deem proper.

27669 – Complaint                                         6

**COUNT III**
**INTENTIONAL MISREPRESENTATION (FRAUD)**

29.     Plaintiff incorporates the allegations set forth in paragraphs one (1) through twenty-eight (28) as though they were fully set forth herein.

30.     As set forth above, Defendant falsely represented to Plaintiff and his wife that the Store was safe and that there wasn't a problem with crime.

31.     Defendant made the aforementioned false representations with knowledge of their falsity or with recklessness as to whether they were true or false, and with the intent of misleading Plaintiff into relying thereon.

32.     In reasonable and justifiable reliance on Defendant's false representations, Plaintiff entered into the Franchise Agreement.

33.     Moreover, Defendant's misrepresentations were willful, wanton, reckless and taken with a callous disregard for the rights and interests of Plaintiff.

34.     As a direct and proximate result of Defendant's fraudulent, intentional misrepresentations, as set forth more fully above, Plaintiff has suffered and continues to suffer substantial losses and damages outlined above.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant in an amount in excess of fifty-thousand dollars ($50,000.00) plus interest, costs attorneys' fees and such further relief as this Court may deem proper.

**COUNT IV**
**BREACH OF CONTRACT**

35.     Plaintiff incorporates the allegations set forth in paragraphs one (1) through thirty-four (34) as though they were fully set forth herein.

Case ID: 110702478

36.    Plaintiff fully performed all of his obligations under the terms of the Franchise Agreement.

37.    Defendant maliciously and with a callous disregard for the rights of Plaintiff falsified the basis for terminating the Franchise Agreement without providing Plaintiff the opportunity to cure.

38.    Defendant's allegations in its April 18, 2011 letter that "the Store conditions [that] contributed to the lower Cleanliness Evaluation Scores are inconsistent with the 7-Eleven image" and that Plaintiff "failed to comply with the terms of the [Franchise] Agreement because [his] Financial Summaries as of March 31, 2011, reflect a net worth...which is less than the amount required under the [Franchise] Agreement" were made in bad faith and lacked any evidentiary support.

39.    As a result of Defendant's actions, Defendant materially breached the Franchise Agreement by terminating it without cause and without providing Plaintiff with the contractual remedy to cure.

40.    As a direct and proximate result of Defendant's breaches, Plaintiff has been damaged in an amount in excess of fifty-thousand dollars ($50,000.00) which is comprised of, *inter alia*, franchise fees paid by Plaintiff to Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant in an amount in excess of fifty-thousand dollars ($50,000.00) plus interest, costs attorneys' fees and such further relief as this Court may deem proper.

## COUNT V
## PROMISSORY ESTOPPEL

41.    Plaintiff incorporates the allegations set forth in paragraphs one (1) through forty (40) as though they were fully set forth herein.

Case ID: 110702478

42.     Prior to executing the Franchise Agreement, Plaintiff relief upon the assurances of Defendant that the Store was safe and that there wasn't a problem with crime.

43.     Had Defendant not assured Plaintiff that the Store was safe and that there wasn't a problem with crime, Plaintiff would not have entered into the Franchise Agreement, let alone pay Defendant a franchise fee and goodwill fee.

44.     As a direct and proximate result of Defendant's conduct, as more fully set forth at length above, Plaintiff has suffered damages in excess of fifty-thousand dollars ($50,000.00).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant in an amount in excess of fifty-thousand dollars ($50,000.00) plus interest, costs attorneys' fees and such further relief as this Court may deem proper.

ZARWIN, BAUM, DeVITO, KAPLAN
SCHAER & TODDY, P.C.

By: _____
       DAVID F. MCCOMB, ESQ.
       MATTHEW A. GOLDSTEIN, ESQ.
       Attorneys for Plaintiff

Dated: May 31, 2012

Case ID: 110702478

## VERIFICATION

I, Baher Albarqawi, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements made therein are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 5-31-12

Baher Albarqawi

27669 –Complaint

# EXHIBIT "A"

27669 –Complaint

Case ID: 110702478

Court of Common Pleas of Philadelphia County
Trial Division

**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)

**JULY 2011**
E-Filing Number: 1107035194

**002478**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| BAHER ALBARQAWI | 7-ELEVEN, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 35 JACQUELIN PLACE<br>SEWELL NJ 08080 | 2711 EASTON ROAD<br>WILLOW GROVE PA 19090 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>JUL 26 2011<br>J. MURPHY | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:   BAHER ALBARQAWI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DAVID F. MCCOMB | 1818 MARKET STREET<br>13TH FLOOR<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)569-2800 | (215)569-1606 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 35754 | dfmccomb@zarwin.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| DAVID MCCOMB | Tuesday, July 26, 2011, 09:28 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 110702478

C.P.97

# Commonwealth of Pennsylvania

SUMMONS
*CITACION*

## CITY AND COUNTY OF PHILADELPHIA

BAHER ALBARQAWI
35 Jacquelin Place
Sewell, New Jersey 08080

COURT OF COMMON PLEAS

July

No. _____

*vs.*

7-ELEVEN, INC.
2711 Easton Road
Willow Grove, Pa 19090-1013

To[1]

7-ELEVEN, INC.
2711 Easton Road
Willow Grove, Pa 19090-1013

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

BAHER ALBARQAWI
c/o David F. McComb, Esquire
Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103        (T): 215-569-2800

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*





JOSEPH H. EVERS
*Prothonotary*

By _____

Date ___July 26, 2011___

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev. 8/00)

Case ID: 110702478

Case ID: 110702478

ZARWIN ♦ BAUM ♦ DeVITO
KAPLAN ♦ SCHAER ♦ TODDY♦ P.C.
By:     David F. McComb, Esquire
Identification No.: 35754
1818 Market Street, 13th Floor
Philadelphia, PA  19103
Telephone:  215-569-2800
FAX:  215-569-1606

BAHER ALBARQAWI                              *COURT OF COMMON PLEAS*
35 Jacquelin Place
Sewell, New Jersey 08080                     *PHILADELPHIA COUNTY*

          v.                                 *JULY TERM 2011*

7-ELEVEN, INC.                               *NO:*
2711 Easton Road
Willow Grove, Pa 19090-1013

### *PRAECIPE TO ISSUE WRIT OF SUMMONS*

TO THE PROTHONOTARY:

    Kindly issue a Writ of Summons in the above captioned matter.

        ZARWIN, BAUM, DeVITO, KAPLAN,
        SCHAER & TODDY, P.C.

By: _____
        DAVID F. MCCOMB, ESQUIRE

Dated:  7/26/11

Case ID: 110702478

Case ID: 110702478

# EXHIBIT "B"

27669 –Complaint

Case ID: 110702478

**FILED**
26 AUG 2011 11:58 am
**Civil Administration**
L. OWENS

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

TRIAL DIVISION - CIVIL

BAHER ALBARQAWI                    :

     v.                            :        July Term 2011, No. 002478    **DOCKETED**

7-ELEVEN, INC.                     :                                         NOV 2 9 2011

              **ORDER**                                      N. ERICKSON
                                                                           DAY FORWARD

    AND NOW, this ___29th___ day of _November_, 2011, upon consideration

of plaintiff's motion for pre-complaint discovery pursuant to Rule 4003.8 of the

Pennsylvania Rules of Civil Procedure and defendant's response thereto, it is hereby

ORDERED that the motion is GRANTED. Plaintiff is hereby granted leave to seek

discovery of defendant and defendant's files, including email communications among its

employees, relating to defendant's franchise agreement with plaintiff, including

documents relating to the granting and termination of the 7-Eleven franchise and the 7-

Eleven store located at 7333 Elmwood Avenue, Philadelphia, PA 19142,    Said discovery shall

be completed within 60 days hereof.*  Plaintiff shall file a complaint within 20 days thereafter.

Albarqawi Vs 7-Eleven,-ORDER

11070247800036

BY THE COURT:

                                   J

*Failure of a party to cooperate with expedited discovery in order to comply with this timetable may give rise
to an award of attorney fees under 42 Pa.C.S. § 2503 (7).

Case ID: 110702478
Control No.: 11058364

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  J. IANNACCONE  12/01/2011

Case ID: 110702478